Allen, J.
delivered the opinion of the Court.
The Court is of opinion that the rents and profits of the real estate of the absent defendant, which accrued after the levy of the attachment, were not bound by or subject to such general order of attachment. That though the levy of the attachment and restraining order constitutes such a lien on the land as to give the attaching creditor priority of satisfaction out of the proceeds of the land when sold, over subsequent alienees or incumbrancers, such general order does not operate as a sequestration of the rents and profits thereafter accruing. All, therefore, that the garnishee in this case could be held responsible for, on account of the rents of the real estate of the absent defendant, was her one third of the not amount of the rents received and collected by him as her agent for rents accruing before the 27th of April 1829, the day on which it is recited by the decree he was served with the attachment: And without expressing any opinion as to the regularity of the proceedings against the absent defendant, as against *456 whom no final decree has been rendered, the Court is _ °* opinion that the interlocutory decree of the 26th of June 1843, overruling the exceptions of the defendant ^ gjp00ner¡ an¿ directing him to deposit in bank to ^ cre¿4t 0f the cause the sum of 689 dollars 71 cents, with interest on 559 dollars 40 cents, from the 31st of December 1835 until so deposited, is erroneous, and is reversed with costs. And the cause is remanded, with instructions to recommit the same to the commissioner, with directions to charge the said Spooner as garnishee in this cause, with the one third of the net amount of the rents accruing before the 27th of April 1829, collected by him as the agent of the absent defendant ; that being the whole amount for which he can be held responsible as garnishee to the attaching creditors on account of the rents of the real estate belonging to the absent defendant, should said attaching creditors in the progress of the cause shew themselves entitled to a decree against the absent debtor.